# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| NICOLE M. HORR, as guardian for WALLACE H. HORR, an incapacitated and disabled person, et al., ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | No. 4:17-CV-02716 JAR |
| ERIC HARR, et al., ) ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on non-party Movant Mavis Kennedy's Motion for Protective Order. (Doc. No. 28)

Prior to being adjudicated incapacitated and disabled, Wallace Horr retained attorney Mavis Kennedy to represent him with respect to his estate plan. Plaintiff Nicole Horr has since been appointed guardian of Wallace Horr and, in her capacity as his guardian, served a subpoena on Ms. Kennedy requesting Wallace Horr's legal file, including all will and trust documents in effect from January 2014 to the present. Ms. Kennedy has taken the position that pursuant to Rules 4-1.6, 4-1.9(c)(2), and 4-1.14(c) of the Missouri Rules of Professional Conduct, she is prohibited from releasing Mr. Horr's legal file to anyone other than Mr. Horr. Ms. Kennedy acknowledges that a client's file belongs to the client, and not to the attorney representing the client, citing McVeigh v. Fleming, 410 S.W.3d 287, 289 (Mo. Ct. App. 2013), but maintains that the client is Mr. Horr, not Plaintiff, and that she cannot release the requested portions of Mr. Horr's legal file to Plaintiff without violating Mr. Horr's attorney-client privilege. Ms. Kennedy

requests the Court enter a protective order authorizing her to release to Plaintiff attorney-client privileged and confidential communications.

Plaintiff opposes the motion for protective order and asks the Court to order Ms. Kennedy to return Mr. Horr's complete legal file to him immediately. (Doc. No. 29) Defendants agree with Plaintiff's counsel that the original file belongs to the client; however, Defendants assert that rather than ordering the file be produced to Plaintiff's counsel, the Court should conduct an *in camera* inspection of the file and determine what portions are protected, if any, from production to Defendants' counsel. (Doc. No. 33)

A court-appointed guardian stands in the shoes of an incompetent individual in all matters to protect his personal and property interests and to make decisions for the individual. See R.S. Mo. 475.120. The guardian has no personal interest in the property or claim of his ward. Martineau v. City of St. Paul, 172 F.2d 777, 780 (8th Cir. 1949) (citing cases). The Court therefore finds that as Mr. Horr's guardian, Plaintiff Nicole Horr is entitled to receive his legal file – which is treated as his property – on his behalf. Whether and to what extent certain portions of Mr. Horr's legal file are protected from production to Defendants' counsel is best determined in the course of discovery upon a motion to compel.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Mavis Kennedy's Motion for Protective Order [28] is **DENIED.** Movant shall return Mr. Horr's legal file in its entirety to his court-appointed guardian, Plaintiff Nicole Horr, within seven (7) days of the date of this Order.

Dated this 25th day of May, 2018.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**